# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| David Shannon, | |
| Plaintiff, | 2:15-cv-01170 JWS |
| vs. | ORDER AND OPINION |
| Verizon Wireless (VAW) LLC, *et al.*, | [Re: Motion at Docket 16] |
| Defendants. | |

## I.  MOTION PRESENTED

At docket 16 defendant Verizon Wireless (VAW) LLC ("Verizon") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the second amended complaint ("SAC") of plaintiff David Shannon ("Shannon").  Shannon responds at docket 18; Verizon replies at docket 19.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Verizon hired Shannon as a Retail Sales Representative in 2000.  According to the SAC, he had worked his way up to the position of Strategic Account Manager in the Business Channel by 2012.[1]  Then, in 2013, several Verizon employees induced him to work for Verizon's newly-created Health Care Team with promises about the work he

---

[1] Doc. 10 at 2-3.

would have on that team.  The promises did not pan out, and in early 2014 Verizon issued Shannon two written "developmental warnings" related to his job performance.

In April 2014 Shannon reported to his supervisor "that there were sexual relationships between supervisors and subordinates and that the same was improper and against Verizon policy."[2]  Verizon fired Shannon the next day.

Shannon filed suit against Verizon in the Maricopa County Superior Court.[3] Verizon removed the action to this court, invoking the court's diversity jurisdiction.  At docket 10 Shannon filed the SAC, which includes five causes of action against Verizon: (1) wrongful termination breach of contract; (2) bad faith; (3) intentional misrepresentation; (4) negligent misrepresentation; and (5) retaliatory termination. Verizon seeks dismissal of the SAC in its entirety.

## III.  STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[4]  To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[5]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged

---

[2]*Id*. at 10 ¶ 100.

[3]Doc. 1-1 at 2-17.

[4]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[5]*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

under a cognizable legal theory."[6] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[7]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[12]

## IV.  DISCUSSION

**A.   Counts I, II, & V - Wrongful Termination, Bad Faith, and Retaliatory Termination**

Arizona Revised Statute § 23-1501 makes employment relationships severable at will "unless both the employee and the employer have signed a written contract to the contrary setting forth that the employment relationship shall remain in effect for a specified duration of time or otherwise expressly restricting the right of either party to

---

[6] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[7] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Id.*

[10] *Id.* (citing *Twombly*, 550 U.S. at 556).

[11] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[12] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

terminate the employment relationship."[13] The written contract may be set forth in an "employment handbook or manual or any similar document distributed to the employee, if that document expresses the intent that it is a contract of employment."[14]

Verizon argues that Shannon's wrongful termination, bad faith, and retaliatory termination claims each fail because the SAC fails to plausibly allege that Shannon had a contract of employment. Verizon first argues that the SAC fails to allege "any facts even remotely suggesting that [Shannon] entered into a" written employment contract.[15] This is not so. The SAC alleges that Verizon breached a written employment contract with Shannon set out in Verizon's "employment handbook or manual or similar documents," including its "Human Resources handbook"[16] and "Equal Employment Opportunity / Affirmative Action Policy."[17]

Verizon next argues that the SAC fails to allege an employment contract because three unauthenticated documents attached to its motion show that Verizon manifested an intent not to be bound by the policies upon which Shannon relies.[18] These documents are: (1) a print-out of a page from Verizon's internal "About You" website which states that Verizon employees are generally at-will employees, and the information on that website "must not be interpreted as creating a contract of employment";[19] (2) a second print-out from Verizon's "About You" website, titled "Performance Improvement and Corrective Action," which describes Verizon's

---

[13] A.R.S. § 23-1501(A)(2).

[14] *Id.*

[15] Doc. 16 at 5.

[16] Doc. 10 at 6 ¶ 44.

[17] *Id.* at 11 ¶ 104.

[18] Doc. 16 at 5.

[19] Doc. 16-1 at 2.

disciplinary process but also states that Verizon may alter that process "or forgo it completely" when disciplining its employees;[20] and (3) a Verizon document, titled "2000 Certification," which states that Verizon's "Code of Business Conduct" does not "create or provide [employees] with a right to continued employment at Verizon Wireless" and, "[u]nless covered by other agreements, [they] are employed at the will of Verizon Wireless for an indefinite period of time, and may be terminated by Verizon Wireless at any time with or without cause, and without prior notice, for any reason not prohibited by law."[21]

When ruling on a Rule 12(b)(6) motion to dismiss, the court may not normally consider evidence outside the pleadings without converting the motion into a Rule 56 motion for summary judgment and giving the nonmoving party an opportunity to respond. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."[22] Verizon argues that the court may consider its evidence because it is incorporated into the SAC by reference.[23] Yet, Verizon fails to cite any part of the SAC that references Verizon's "About You" website or its Code of Business Conduct.[24]

Verizon's argument is premised on its counsel's assertion that the "About You" website "is where Verizon's workplace policies are maintained."[25] There are two

---

[20]*Id.* at 4-6.

[21]*Id.* at 8.

[22]*United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

[23]Doc. 16 at 5 n.1 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.")).

[24]Doc. 19 at 4.

[25]Doc. 16 at 5.

reasons why the court cannot adopt this premise at this stage. First, it is a statement of fact from Verizon's counsel, not the SAC. And second, Verizon's evidence does not show that the two specific policy documents alleged in the SAC—the "Human Resources handbook" and "Equal Employment Opportunity / Affirmative Action Policy"—are governed by the disclaimers on its About You website or Code of Business Conduct. Verizon has failed to show that the incorporation by reference doctrine applies.

**B.    Count III - Intentional Misrepresentation**

Count III of the SAC alleges that Verizon employees Terri Larson ("Larson") and John Harris ("Harris") induced Shannon to work for the newly-created Health Care Team by intentionally misrepresenting the position and the accounts that Verizon would give him once he joined the team.[26] This intentional misrepresentation claim is a claim of fraud under Arizona law, to which Rule 9(b)'s heightened pleading standard applies.[27] Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." It "demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."[28] The plaintiff must not only set forth "neutral facts," such as the "time, place, and content of an alleged misrepresentation," but also what is false or misleading about the statement and why.[29]

---

[26] Doc. 10 at 14 ¶ 127.

[27] *See Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 773 (D. Ariz. 2012). *See also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action.").

[28] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted).

[29] *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

Shannon attributes two allegedly misleading statements to Larson and Harris. First, he alleges that both—along with a third Verizon employee, Virgil Renz ("Renz")—promised him that he would have "certain accounts and certain quotas" once he joined the Health Care team.[30] This is clearly insufficient under Rule 9(b). Second, Shannon alleges that Larson and Renz promised him that he would specifically have the Southwest Ambulance and Rural Metro accounts.[31] But, as Verizon points out, Shannon does not specify "which individual made what representations to him, when the alleged statements were made . . ., how the statements were made to him . . ., or where these statements were allegedly made to him."[32] Count III of the SAC fails to satisfy Rule 9(b)'s heightened pleading standards and will be dismissed.

**C.    Count IV - Negligent Misrepresentation**

Count IV of the SAC alleges negligent misrepresentation for Larson's and Harris' statements described above. "A claim for relief for negligent misrepresentation is one governed by the principles of the law of negligence. Thus, there must be 'a duty owed and a breach of that duty before one may be charged with the negligent violation of that duty.'"[33]

Verizon argues that the SAC fails to state a claim for negligent misrepresentation because it owed Shannon no duty of care. Shannon disagrees, citing the duty of reasonable care or competence imposed by the Restatement (Second) of Torts § 552—which the Arizona Supreme Court has adopted[34]—on one who "in the course of

---

[30]*Id.* at 3 ¶ 21.

[31]*Id*. at ¶ 23.

[32]Doc. 19 at 8.

[33]*Van Buren v. Pima Cmty. Coll. Dist. Bd.*, 546 P.2d 821, 823 (Ariz. 1976) (quoting *West v. Soto*, 336 P.2d 153, 156 (Ariz. 1959)).

[34]*See St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 742 P.2d 808, 813 (Ariz. 1987).

his business, profession or employment, or in any other transaction in which he has a pecuniary interest," obtains or communicates information "for the guidance of others in their business transactions."[35]  By not addressing Shannon's argument in its reply, Verizon effectively concedes that it owed Shannon such a duty.[36]

Shannon's claim fails, however, because the alleged misrepresentations were promises of future conduct.  "A promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation" because "negligent misrepresentation requires a misrepresentation or omission of a *fact*."[37]  Verizon's promises about the accounts and quotas it would give Shannon once he joined the Health Care Team concern future conduct.  They cannot support a claim for negligent misrepresentation.  Count IV will be dismissed.

## V.  CONCLUSION

Based on the preceding discussion, Verizon's motion to dismiss at docket 16 is **GRANTED IN PART AND DENIED IN PART** as follows: Counts III and IV of the second amended complaint are hereby **DISMISSED** with prejudice; the motion is **DENIED** in all other respects.

DATED this 2nd day of December 2015.


/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[35]Restatement (Second) of Torts § 552(1) (1977).

[36]Doc. 19 at 11.

[37]*McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992) (emphasis in original).  See also *Arnold & Associates, Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1029 (D. Ariz. 2003).